UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE, et al.,<br><br>Defendants. | Civil Action No. 26-0029 (RJL) |

**MOTION TO STAY CONSIDERATION OF
<u>PREMATURE MOTION FOR SUMMARY JUDGMENT</u>**

Defendants the National Park Service, Department of Interior, Department of Labor, Administrator of the Environmental Protection Agency, and the Executive Office of the President ("Defendants"), through counsel, respectfully move under Federal Rule of Civil Procedure ("Rule") 6 to stay consideration of Plaintiff's premature motion for partial summary judgment (ECF No. 7), which was filed before Defendant's initial response date in this action. Government counsel contacted Plaintiff's counsel regarding this motion and learned that Plaintiff opposes the relief sought by this motion. The grounds for this motion are as follows.

On January 7, 2026, Plaintiff commenced this suit against the Agency under the Freedom of Information Act ("FOIA"). Compl. (ECF No. 1). The Court recently granted Defendants' motion for extension of time and ordered that Defendants shall answer or otherwise respond to the Complaint no later than March 11, 2026. Min. Order (Feb. 6, 2026).

Despite this matter remaining in the period before Defendants are required to respond (and despite Plaintiff making no attempt to satisfy the rigorous showing required for emergency or

provisional relief under Rule 65), Plaintiff moved for summary judgment on February 9, 2026. Plaintiff's motion is premature, and the Court should stay it or deny it without prejudice.

While Rule 56(b) provides that "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" the commentary to the rules and caselaw make clear that a plaintiff moving for summary judgment before a defendant has filed a responsive pleading is generally premature. *See* Fed. R. Civ. P. 56(b), Advisory Comm. Notes 2010 Am. ("Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had."); *Comm. on Ways & Means, U.S. House of Representatives v. Dep't of Treasury*, Civ. A. No. 19-1974 (TNM), 2019 WL 4094563, at *2 (D.D.C. Aug. 29, 2019) (denying summary judgment motion as premature; "This Court's general practice is to adhere to the traditional litigation sequence of complaint; answer or motion to dismiss; discovery, if appropriate; and only then, summary judgment. This process allows the Court to assure itself of jurisdiction and address threshold matters before burdening the parties with the costs of discovery and briefing on the merits."); *Doe v. Trs. of Columbia Univ. in City of N.Y.*, Civ. A. No. 21-5839, 2021 WL 4267638, *1 (S.D.N.Y. Sept. 16, 2021) ("[C]ourts routinely deny motions for summary judgment as premature . . . until the nonmoving party has had time to file a responsive pleading"); *Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173, 189 (S.D.N.Y. 2014) (collecting cases; "courts have denied pre-answer motions for summary judgment that seek a premature adjudication of a claim notwithstanding any technical compliance with the timing provisions of Rule 56").

This is especially so in FOIA cases before an agency has completed its searches and productions of records or had an opportunity to challenge the reasonableness of the FOIA request.

*See, e.g.*, *Doshi v. Blinken*, Civ. A. No. 23-3613 (RC), 2024 WL 3509486, at *10 (D.D.C. July 22, 2024) (denying plaintiff's summary judgment motion as premature when agency was still processing and releasing responsive records); *McKathan v. Dep't of Homeland Sec.*, Civ. A. No. 22-1865 (DLF), 2024 WL 1344434, at *8 (D.D.C. Mar. 29, 2024) ("The Court will not set a summary judgment briefing schedule before [the agencies] have finished searching and releasing any documents to [the requester]."); *Assassination Archives & Rsch. Ctr., Inc. v. CIA*, Civ. A. No. 17-0160 (TNM/GMH), 2018 WL 6790313, at *2 (D.D.C. Dec. 10, 2018) (denying summary judgment motion as premature in FOIA case where agency was still conducting search for responsive records).

Here, Plaintiff invites the Court to bypass the early stages of this action and moves for summary judgment at a premature stage before the Agency has filed a responsive pleading or a threshold motion to dismiss the complaint and before the Defendants have completed their searches and processing of potentially responsive records. The Court should decline Plaintiff's invitation and stay or deny without prejudice Plaintiff's motion for summary judgment as premature. A proposed order is enclosed herewith.

Dated: February 17, 2026

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:     */s/ Sian Jones*
    SIAN JONES, D.C. Bar #1024062
    Assistant United States Attorney
    601 D Street, NW
    Washington, D.C., 20530
    (202) 252-2578

*Attorneys for the United States of America*