UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASBESTOS DISEASE AWARENESS ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL PARK SERVICE, et al.,<br><br>Defendants. | Civil Action No. 26-0029 (RJL) |

## **PARTIAL ANSWER**

Defendants, Defendants the National Park Service ("NPS"), Department of Interior, Department of Labor ("DOL"), and the Occupational Safety and Health Administration ("OSHA") (collectively, "Answering Defendants"), by and through undersigned counsel, respectfully submit this Answer to the portions of Plaintiff's Complaint (ECF No. 1) pertaining to them in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").[1]

The Answering Defendants expressly deny allegations in the Complaint that are not specifically or otherwise qualified in this Answer. The Answering Defendants respond to the Complaint in like numbered paragraphs as follows:

1. This paragraph consists of characterizations of Plaintiff and this civil action. The Answering Defendants admit that Plaintiff filed a civil action pertaining to FOIA requests that it

---

[1] Defendants the Environmental Protection Agency ("EPA") and the Executive Office of the President ("EOP") are filing a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b) as to the claims brought against them. Because EPA and EOP are filing a Rule 12(b) motion as their responsive pleading, they are not required to answer the complaint at this time and reserve their right to admit or deny the allegations in the complaint pertaining to them, as appropriate, if their motion to dismiss is denied in part or in full.

allegedly submitted to Defendants and lack knowledge sufficient to form a belief as to the accuracy of any allegations about Plaintiff's organization.  The Answering Defendants otherwise deny the allegations in this paragraph.

2.     This paragraph consists of characterizations of this civil action and the relief sought. The Answering Defendants admit that Plaintiff filed a civil action pertaining to FOIA requests that it allegedly submitted to Defendants and deny that Plaintiff is entitled to any relief.

3.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

4.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

5.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to

the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

6.      To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

7.      The Answering Defendants admit only that they received FOIA requests from Plaintiff dated November 5, 2025.  The Answering Defendants lack knowledge sufficient to form a belief as to the accuracy of any remaining allegations in this paragraph pertaining to any other agency or government entity.

8.      This paragraph consists of characterizations of this civil action and the relief sought. The Answering Defendants admit that Plaintiff filed a civil action pertaining to FOIA requests that it allegedly submitted to Defendants and deny that Plaintiff is entitled to any relief.

9.      This paragraph consists of characterizations of Plaintiff and this civil action.  The Answering Defendants admit that Plaintiff filed a civil action pertaining to FOIA requests that it allegedly submitted to Defendants and lack knowledge sufficient to form a belief as to the accuracy of any allegations about Plaintiff's organization.  The Answering Defendants otherwise deny the allegations in this paragraph.

**JURISDICTION AND VENUE**[2]

10.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

11.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that this judicial district is a proper venue for actions brought under FOIA.

12.    This paragraph asserts conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that FOIA includes a fee provision.

**PARTIES**

13.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.    The National Park Service admits it is a federal agency covered by FOIA.

16.    Department of the Interior admits that it is a federal agency covered by FOIA.

17.    The Department of Labor admits only that it is a federal agency and that OSHA is a federal agency within the Department of Labor covered by FOIA.

---

[2]    Merely for ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

18.     The Answering Defendants lack knowledge sufficient to form a belief as to the accuracy of any remaining allegations in this paragraph pertaining to any other agency or government entity.

19.     The Answering Defendants lack knowledge sufficient to form a belief as to the accuracy of any remaining allegations in this paragraph pertaining to any other agency or government entity.

20.     The Answering Defendants admit that the Department of Labor and the Department of the Interior are "agencies" within the meaning of FOIA.  The Answering Defendants lack knowledge sufficient to form a belief as to the accuracy of any remaining allegations in this paragraph pertaining to any other agency or government entity.

### WHITE HOUSE EAST WING DEMOLITION

21.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

23.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

24.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest

in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

30.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## THE HAZARDS OF ASBESTOS

31.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

33.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

### FEDERAL ASBESTOS ABATEMENT REGULATIONS FOR DEMOLITIONS

34.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

35.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

36.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

37.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

38.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

39.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

40.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

41.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## DISTRICT OF COLUMBIA ASBESTOS ABATEMENT REGULATIONS

42.     To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest

in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

43. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

44. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

45. To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.

To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

46.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

47.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

48.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth

claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

49.    To the extent the allegations seek to provide background facts in support of allegations of public interest, the Answering Defendants admit there may be some public interest in the records sought but presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

## RELEVANT PROVISIONS OF FOIA

50.    This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, the Answering Defendants respectfully refer the Court to the cited legal authority as the best evidence of its contents and deny all allegations inconsistent therewith.

51.    This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, the Answering Defendants respectfully refer the Court to the cited legal authority as the best evidence of its contents and deny all allegations inconsistent therewith.

52.    This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, the Answering Defendants respectfully refer the Court to the cited legal authority as the best evidence of its contents and deny all allegations inconsistent therewith.

53.    This paragraph consists of legal conclusions to which no response is required. To the extent that a response is deemed required, the Answering Defendants respectfully refer the

Court to the cited legal authority as the best evidence of its contents and deny all allegations inconsistent therewith.

54.    This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed required, the Answering Defendants respectfully refer the Court to the cited legal authority as the best evidence of its contents and deny all allegations inconsistent therewith.

## ADAP'S FOIA REQUESTS FOR RECORDS OF ASBESTOS ABATEMETN AT THE EAST WING

55.    The Answering Defendants lack knowledge sufficient to form a belief as to the accuracy of any remaining allegations in this paragraph pertaining to any other agency or government entity.

56.    The National Park Service, Department of Interior, Department of Labor, and OSHA admit only that Plaintiff submitted a FOIA request dated November 5, 2025.  The Answering Defendants lack knowledge sufficient to form a belief about the accuracy of the allegation that Plaintiff sent other FOIA requests to other agencies and government entities. The remainder of the allegations in this paragraph consist of Plaintiff's description of the FOIA requests.  The Answering Defendants aver that the FOIA requests are the best evidence of their contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

57.    The National Park Service, Department of Interior, Department of Labor, and OSHA admit only that Plaintiff submitted a FOIA request dated November 5, 2025.  The Answering Defendants lack knowledge sufficient to form a belief about the accuracy of the allegation that Plaintiff sent other FOIA requests to other agencies and government entities. The remainder of the allegations in this paragraph consist of Plaintiff's description of the FOIA

requests.  The Answering Defendants aver that the FOIA requests are the best evidence of their contents and respectfully refer the Court to the FOIA request for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

58.     The Answering Defendants lack knowledge sufficient to form a belief as to the accuracy of allegations regarding any FOIA request submitted to the General Services Administration.  The Answering Defendants admit only that, as of the filing of the civil complaint in this action, they had not issued final determinations as to the FOIA requests they received from Plaintiff.

59.     Department of Labor and OSHA admit only to acknowledging receipt of the FOIA request by the respective OSHA offices on November 5, 2025, and January 8, 2026, and that, as of the filing of the complaint in the civil action, the Department of Labor has not provided a final response to the FOIA request.  The Department of Interior and NPS admit only that, as of the filing of the complaint in this civil action, they have not substantively responded to Plaintiff's FOIA request. The Answering Defendants deny any allegation that any such timing alone entitles Plaintiff to the relief sought or establishes that the Answering Defendants have failed to comply with law or improperly withheld records.  The Answering Defendants lack knowledge sufficient to form a belief as to the accuracy of any remaining allegations in this paragraph pertaining to any other agency or government entity.

60.     This paragraph asserts a conclusion of law to which no response is required.  The Answering Defendants admit that it has been more than twenty business days since Plaintiff's FOIA requests were submitted to the Answering Defendants.  The Answering Defendants lack knowledge sufficient to form a belief as to the accuracy of any remaining allegations in this paragraph pertaining to any other agency or government entity.

61.     This paragraph asserts a conclusion of law to which no response is required.  To the extent any response is required, the Answering Defendants deny.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent that a response is required, the Answering Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, the Answering Defendants raise the following defenses.  The Answering Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to the Answering Defendants throughout the course of this litigation, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

## THIRD DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Khan v. Dep't of*

- 18 -

*Homeland Sec.,* Civ. A. No. 22-2480, 2023 U.S. Dist. LEXIS 170712, at *22-24 (D.D.C. Sept. 25, 2023) (striking FOIA complaint because it violated Rule 8 and finding that the "lengthy, irrelevant allegations" of so-called "background" facts "prejudice Defendants by burdening them with having to respond to them").

**<u>FOURTH DEFENSE</u>**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this matter.

Dated: March 11, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____/s/ *Sian Jones*_____
     SIAN JONES, D.C. Bar # 1024062
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     Phone: (202) 252-2578

*Attorneys for the United States of America*