## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ASBESTOS DISEASE AWARENESS ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Case No. 26-29 (RJL) ) ) |
| NATIONAL PARK SERVICE, et al., | ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM OPINION

August __5ᵗʰ, 2026 [Dkt. #7, 12, 19]

Plaintiff, the Asbestos Disease Awareness Organization, filed Freedom of Information Act requests with multiple government entities about asbestos removal during the October 2025 demolition of the White House East Wing. None of the government entities have yet produced any documents. Before the Court are plaintiff's Motion for Partial Summary Judgment [Dkt. #7], defendants Executive Office of the President's and Environmental Protection Agency's Partial Motion to Dismiss [Dkt. #12], and plaintiff's Supplemental Motion for Partial Summary Judgment [Dkt. #19] as to defendant Executive Office of the President. For the reasons that follow, I will **GRANT** plaintiff's Motion for Partial Summary Judgment, **GRANT IN PART** and **DENY IN PART** defendants' Partial Motion to Dismiss, and **DENY** plaintiff's Supplemental Motion for Partial Summary Judgment.

1

## BACKGROUND

In October 2025, the historic East Wing of the White House was demolished. Compl. [Dkt. #1] ¶ 2. A White House spokesperson acknowledged that a "very extensive abatement and remediation assessment" for hazardous materials was performed and that the process was conducted in "compl[iance] with all applicable federal standards." *Id.* ¶ 5.

Plaintiff Asbestos Disease Awareness Organization ("ADAO") is a non-profit that seeks to "prevent asbestos-caused diseases," and it "advocates for federal, state and local laws and regulations that protect against asbestos exposure and disease." *Id.* ¶ 13.

On January 7, 2026, ADAO sued the National Park Service ("NPS"), the Department of the Interior ("DOI"), the U.S. Department of Labor – Occupational Safety and Health Administration ("DOL"), the Environmental Protection Agency ("EPA"), and the Executive Office of the President ("EOP") under the Freedom of Information Act ("FOIA"). *See* Compl.

On February 9, 2026, ADAO moved for partial summary judgment against defendants DOL, NPS, and DOI. Pl.'s Mot. for Partial Summ. J. ("SJ Mot.") [Dkt. #7]. Defendants oppose but have not cross-moved for summary judgment as to these three defendants. *See* Defs.' Mem. in Opp'n to Mot. for Partial Summ. J. ("SJ Opp'n") [Dkt. #17].

Instead, on March 11, 2026, defendants moved to dismiss defendants EPA and EOP, or, in the alternative, moved for partial summary judgment as to EPA and EOP. Defs.' Partial Mot. to Dismiss [Dkt. #12]. Plaintiff opposes the motion to dismiss but has not moved for summary judgment as to EPA. *See* Mem. of Pl. in Opp'n to Defs.' Partial Mot.

2

for Summ J. [Dkt. #18].

On April 10, 2026, ADAO moved for partial summary judgment against defendant EOP. Pl.'s Suppl. Mot. for Partial Summ. J. [Dkt. #19]. The motions are all fully briefed and ripe for decision.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 552 (2007). That is, the complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Id*. at 570. In analyzing a motion to dismiss under Rule 12(b)(6), the Court similarly accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Aiteliyev v. Mayorkas*, 717 F. Supp. 3d 67, 73 (D.D.C. 2024). The facts alleged in the complaint, however, "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court "must assume the truth of all statements proffered by the non-movant except for conclusory allegations lacking any factual basis in the record." *Dist. Intown Props. Ltd. P'ship. v. Dist. of Columbia*, 198 F.3d 874, 878 (D.C. Cir. 1999). "When parties file cross-motions for summary judgment, each motion is considered separately, in the light most favorable to the non-moving party, and the court must determine, for each motion, whether the Rule 56

3

standard has been met." *Am. Ctr. for Int'l Lab. Solidarity v. Chavez-DeRemer*, 789 F. Supp. 3d 66, 80 (D.D.C. 2025).

## ANALYSIS

### I.    Plaintiff's Partial Summary Judgment Motion as to DOL, NPS, and DOI

Plaintiff has moved for partial summary judgment as to defendants DOL, NPS, and DOI. Plaintiff seeks an "order setting a deadline of 10 working days for [] defendants to make determinations on plaintiff's FOIA requests and a further deadline of 15 working days after these determinations to disclose records responsive to these requests." SJ Mot. at 13. Defendants oppose. *See generally* SJ Opp'n. I will grant plaintiff's motion for partial summary judgment because there is no dispute that defendants DOL, NPS, and DOI have failed to make the requisite "determinations" within FOIA's statutory timeline, and defendants have not shown that "exceptional circumstances" warrant an extension. Accordingly, defendants must make "determinations" on plaintiff's requests in ten working days. However, at this stage I will not order defendants to produce documents by a certain date. How so?

### A.    *Merits*

FOIA provides that, upon receipt of a request, the agency shall:

> determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . .

5 U.S.C. § 552(a)(6)(A)(i). FOIA further provides for an extension of no "more than ten working days" if the agency establishes "unusual circumstances." *Id.* § 552(a)(6)(B)(i),

(iii).

A "determin[ation]" within the meaning of FOIA requires the agency to "at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n* ("*CREW*"), 711 F.3d 180, 188 (D.C. Cir. 2013).

"[I]f the agency fails to comply with the applicable time limit provisions"—namely, the twenty and ten-day deadlines for making a "determin[ation]"—then the requestor "shall be deemed to have exhausted his administrative remedies with respect to such request." 5 U.S.C. § 552(a)(6)(C)(i). The "twenty-day deadline serves primarily as a means to obtain immediate judicial supervision over an agency's response to an outstanding FOIA request." *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 10 (D.D.C. 2015). As our Circuit has explained, "[i]f the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court." *CREW*, 711 F.3d at 189.

"Once in court, however, the agency may further extend its response time if it demonstrates 'exceptional circumstances' to the court." *Id.* at 185. "If exceptional circumstances exist, then so long as 'the agency is exercising due diligence in responding to the request, the court may retain jurisdiction and allow the agency additional time to complete its review of the records.'" *Id.* (quoting 5 U.S.C. § 552(a)(6)(C)(i)). One way to establish "exceptional circumstances" is by moving for a stay under *Open America v.*

5

*Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). *See, e.g., Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 266 (D.D.C. 2014).

Here, defendants "National Park Service (a component of the Department of the Interior) and Department of Labor do not dispute that Plaintiff submitted FOIA requests to them or that they did not provide final determinations regarding those requests within twenty business days of receipt." SJ Opp'n at 3. Therefore, plaintiff has "exhausted [its] administrative remedies," 5 U.S.C. § 552(a)(6)(C)(i), and may "obtain immediate judicial supervision" over the outstanding FOIA requests, *Daily Caller*, 152 F. Supp. 3d at 10.

The parties disagree about whether defendants' failure to make a "determination" within the statutory timeframe entitles plaintiff to summary judgment. I will grant partial summary judgment to plaintiff because the undisputed facts show that defendants NPS and DOL failed to make the requisite "determination" in twenty or thirty working days, and defendants have not provided a sufficient explanation for the delay.

Courts have granted summary judgment or otherwise ordered relief to FOIA plaintiffs when the agency has failed to make a "determination" within the statutory timeframe and when defendants have failed to show "exceptional circumstances." *See, e.g., Seavey v. Dep't of Just.*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) ("As the submissions of the parties demonstrate that there is no genuine issue of material fact as to whether the FBI failed to timely make a determination on the [] FOIA Request, Professor Seavey is entitled to summary judgment."); *Clemente*, 71 F. Supp. 3d at 264 (granting plaintiff's motion for prompt release of records and denying agency's motion for *Open America* stay).

Defendants here have not moved for an *Open America* stay or even attempted to

6

argue that "exceptional circumstances" exist. *See generally* SJ Opp'n. Instead, defendants suggest that plaintiff's motion should be denied because plaintiff did not attach a statement of material facts required by Local Civil Rule 7(h)(1) to its motion. *See* SJ Opp'n at 3. Courts in our Circuit, however, have not strictly applied Local Civil Rule 7(h)(1)'s requirements to FOIA cases. *See, e.g., Inst. for Energy Rsch. v. FERC*, 2024 WL 1091791, at *2 (D.D.C. Mar. 13, 2024); *Sabra v. U.S. Customs & Border Prot.*, 590 F. Supp. 3d 351, 359 (D.D.C. 2022). And I see no reason to deny plaintiff's motion on this ground because the relevant material facts are not disputed, and defendants have not shown that they have been "prejudiced by any non-compliance." *Battle Born Invs. Co., LLC v. U.S. Dep't of Just.*, 2024 WL 5246515, at *4 n.3 (D.D.C. Dec. 30, 2024) (quoting *Calderon v. U.S. Dep't of Agric.*, 236 F. Supp. 3d 96, 108 (D.D.C. 2017)).

### B.   *Remedy*

Plaintiff seeks an order requiring defendants to make a determination on its outstanding FOIA requests in ten working days and order production of responsive documents fifteen working days after that. *See* SJ Mot. at 13.

Defendants oppose. They argue that plaintiff is improperly trying to obtain a preliminary injunction without satisfying the four-factor standard. *See* SJ Opp'n at 8–18. Defendants also argue that FOIA does not entitle plaintiff to any particular determination or production timeline. *See id.* at 3–7.

**Determination:** FOIA indisputably requires that agencies make a "determination" on requests within a particular timeframe. *See* 5 U.S.C. § 552(a)(6)(A)(i). Our Circuit has said that "*within the relevant time period*, the agency must at least inform the requester of

7

the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions." *CREW*, 711 F.3d at 186 (emphasis added).

Defendants try to frame the twenty-day requirement as *only* allowing plaintiff to file suit without exhausting administrative remedies. *See* SJ Opp'n at 4–5. Defendants argue that "they have been processing Plaintiff's requests," and "there is no indication that any intervention of this Court is necessary to compel them to fulfill their FOIA obligations." *Id.* at 5. While defendants are correct that failure to provide a "determination" within twenty days does not "*automatically* result[] in the agency's having to produce the requested documents without continued processing," *Elec. Priv. Info. Ctr. v. Dep't of Just.*, 15 F. Supp. 3d 32, 40 (D.D.C. 2014) (emphasis added), our Circuit has recognized that an agency must establish "exceptional circumstances" to get an extension, and the Court has a duty to "ensur[e] that the agency continues to exercise due diligence in processing the request," *CREW*, 711 F.3d at 189.

Here, defendants have not moved for an *Open America* stay or otherwise argued that "exceptional circumstances" exist. "[E]xceptional circumstances exist when the agency is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits, and when the agency can show that it is exercising due diligence in processing the requests." *Elec. Priv. Info. Ctr.*, 15 F. Supp. 3d at 41 n.3 (quoting *Open America*, 547 F.2d at 611).

Based on defendants' factual representations, there appears to be no reason why

8

defendants cannot imminently provide plaintiff with the required "determinations" under FOIA. The DOL declaration says that there are two pending FOIA requests before it. *See* Decl. of Frank Meilinger ("Meilinger Decl.") [Dkt. #17-1] ¶¶ 6, 12. For both requests, DOL has "reviewed responsive documents," "conducted proposed redactions," and "prepared a draft response letter" as of February 2026. *Id.* ¶¶ 11, 13. "On March 27, 2026," DOL "received confirmation that all reviews were complete and to proceed with processing the draft FOIA response and proposed redacted responsive documents for both FOIA requests." *Id.* ¶ 19. The only remaining step is that the Executive Office of the President "requested to review any productions before release," so "Agency Counsel" for DOL has contacted the Executive Office of the President and, as of April 7, 2026, "is awaiting their response." *Id.* ¶ 20.

NPS has identified 46 pages responsive to plaintiff's FOIA request. *See* Decl. of Nicholas Banco ("Banco Decl.") [Dkt. #17-7] ¶ 12. NPS has already "reviewed responsive documents," "conducted proposed redactions," and "prepared a draft response letter." *Id.* ¶ 10. As of April 9, 2026, NPS has "sent the response package forward for internal and external consultations." *Id.* ¶ 13.

Neither DOL nor NPS have indicated that the volume of records requested, volume of pending FOIA requests, or any other "exceptional circumstances" justify giving them more time to make a "determination." *See, e.g., Baker v. Consumer Fin. Prot. Bureau*, 2018 WL 5723146, at *3–4 (D.D.C. Nov. 1, 2018) (concluding, among other reasons, that a FOIA request yielding "over 630,000 potentially responsive documents," along with an overall 47% increase in FOIA requests and "174 pending FOIA requests, 75 of which are

9

complex" constituted "exceptional circumstances"); *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 12 (D.D.C. 2015) ("dramatic one-year increase" in FOIA requests was "exceptional circumstances"). To the contrary, the declarations indicate that DOL and NPS have identified documents and prepared draft responses as of April 2026. *See* Meilinger Decl. ¶ 19; Banco Decl. ¶¶ 11–12. It has now been nearly ten months since defendants received plaintiff's initial FOIA requests in November 2025. *See* Meilinger Decl. ¶ 5; Banco Decl. ¶ 6.

"A court . . . may use its equitable powers to require the agency to process documents according to a court-imposed timeline." *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014). Accordingly, I will order DOL and NPS to make "determinations" on plaintiff's pending FOIA requests within ten working days. *Cf. id.* (ordering FBI to process 5,000 pages a month); *Seavey v. Dep't of Just.*, 266 F. Supp. 3d 241, 248 (D.D.C. 2017) (ordering FBI to process 2,850 pages a month).

**Production**: For FOIA requests that have not been granted expedited processing, FOIA requires that the agency "shall make the records promptly available." 5 U.S.C. § 552(a)(3)(A). Our Circuit has indicated that "promptly available," "depending on the circumstances typically would mean within days or a few weeks of a 'determination,' not months or years." *CREW*, 711 F.3d at 188.

Here, defendants have not offered any compelling reason why the requested records cannot be made "promptly available" to plaintiff. The volume of records is low, the agencies have already completed their reviews, and the only barriers to production appear to be reviews with the Executive Office of the President and unspecified "internal and

external consultations." *See* Meilinger Decl. ¶ 20; Banco Decl. ¶ 13. It is well-settled that the Court has authority to "supervise the agency's ongoing progress" and "ensur[e] that the agency continues to exercise due diligence in processing the request." *CREW*, 711 F.3d at 189.

For these reasons, I will order defendants to provide a status report fifteen working days after they communicate the "determination" to plaintiff indicating the expected production timeline and why more time is needed if the production timeline is not immediate. *See, e.g.*, *Protect Democracy Project, Inc. v. U.S. Dep't of Def.*, 263 F. Supp. 3d 293, 303 (D.D.C. 2017) (ordering "[i]n accordance with [the Court's] supervisory role" that the parties file "a status report on their ongoing search and processing efforts," including "the estimated number of documents responsive to [plaintiff's] requests" and "a proposed processing and production timeline"); *Elec. Frontier Found. v. Dep't of Just.*, 517 F. Supp. 2d 111, 121 (D.D.C. 2007) (ordering status reports "regarding the overall progress of . . . review and release of records").

## II.     Defendants' Partial Motion to Dismiss as to EOP and EPA

Defendants EOP and EPA have moved to dismiss or, in the alternative, for partial summary judgment. *See* Defs.' Mot. for Partial Dismissal or in the Alternative for Partial Summ. J. ("Mot. to Dismiss") [Dkt. #12]. Defendants argue that EOP is not an agency subject to suit under FOIA and that plaintiff failed to exhaust administrative remedies with regard to EPA.

Plaintiff has cross-moved for partial summary judgment as to EOP because plaintiff argues that the Office of the Executive Residence ("EXR") is an agency under FOIA and

11

that EXR has failed to make a "determination" in the statutory timeframe. *See* Cross-Motion of Pl. Asbestos Disease Awareness Organization to Supplement Its Partial Mot. for Summ. J. by Adding the Exec. Off. of the Pres. ("Pl.'s Suppl. Mot.") [Dkt. #19].

### A.    *Motion to Dismiss the Executive Office of the President*

I agree with defendants that "it has never been thought that the whole Executive Office of the President could be considered a discrete agency under FOIA." *United States v. Espy*, 145 F.3d 1369, 1373 (D.C. Cir. 1998); *see also Voinche v. Obama*, 428 F. App'x 2, 3 (D.C. Cir. 2011) ("[T]he district court correctly held that claims against the Executive Office of the President . . . are properly dismissed because [it is not] an agency under FOIA."). As one of my colleagues has explained, "[t]here is no established mechanism by which an individual may submit a FOIA request to the Executive Office of the President as a whole." *Int'l Couns. Bureau v. U.S. C.I.A.*, 2010 WL 1410561, at *1 (D.D.C. Apr. 2, 2010). Dismissal is therefore warranted against EOP.

Undaunted, plaintiff has tried to reframe its motion as seeking summary judgment against EXR, a component of EOP. *See* Pl.'s Suppl. Mot. at 2 ("[S]ummary judgment is also warranted against defendant EOP because of the role of its Office of the Executive Residence (EXR) in implementing the White House ballroom project."). But "[i]t is well settled law that a plaintiff cannot amend his or her complaint by the briefs in opposition to a motion to dismiss." *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n.7 (D.D.C. 2014). Plaintiff's complaint here alleges that it submitted FOIA requests to the "Executive Office of the President"—not EXR. *See* Compl. ¶ 8.

In any case, I have already held—in a very similar context—that the Office of the

12

Executive Residence is not an agency under the Administrative Procedure Act ("APA"). *See Nat'l Tr. for Historic Pres. in U.S. v. Nat'l Park Serv.*, 821 F. Supp. 3d 62, 72 (D.D.C. 2026). While "agency" is defined more broadly under FOIA than in the APA, *see Elec. Priv. Info. Ctr. v. Nat'l Sec. Comm'n on A.I.*, 466 F. Supp. 3d 100, 107 (D.D.C. 2020), plaintiff does not provide any persuasive reason to reconsider my conclusion that EXR does not exercise "substantial independent authority" here, *see Armstrong v. Exec. Off. of President*, 90 F.3d 553, 558 (D.C. Cir. 1996). Plaintiff argues that my ruling that the President lacked statutory authority to build the ballroom means that "EXR could not have been exercising delegated Presidential authority in managing and directing the Project on the President's behalf." Pl.'s Opp'n to Def.'s Partial Mot. for Summ. J. ("Pl.'s Opp'n") [Dkt. #18] at 18. Unfortunately for the plaintiff, this argument is meritless. The test for whether an entity in the Executive Office of the President is an "agency" under FOIA does *not* consider the underlying legality of the President's actions.

Plaintiff's argument that EXR is subject to FOIA because it is exercising delegated authority from NPS is similarly meritless. *See* Pl.'s Opp'n at 18–19. Plaintiff already has a pending FOIA request before NPS, and plaintiff cites no legal authority for the proposition that a non-agency may become a FOIA "agency" when entering into a contract with an agency. I will therefore grant defendant's partial motion to dismiss as to EOP.

### B.   *Motion to Dismiss as to EPA*

Defendant EPA moves to dismiss or, in the alternative, for summary judgment because EPA provided "determinations" to plaintiff and plaintiff failed to exhaust administrative remedies. *See* Mot. to Dismiss at 6–9. Plaintiff responds that it did not

13

receive EPA's emailed response, so there is a genuine dispute of material fact as to exhaustion of administrative remedies. *See* Pl.'s Opp'n at 21–23.

According to EPA, plaintiff sent two FOIA requests to EPA, and EPA received them on November 5, 2025. Mot. to Dismiss at 8. On November 10, 2025, EPA responded to one of the requests stating that it would be closed as duplicative of the other FOIA request. *Id.* On December 2, 2025, EPA issued a final determination on the remaining FOIA request, stating that it conducted a search and found no responsive records. *Id.* Plaintiff did not file administrative appeals of either of the determinations. *See id.*

In the normal course, "[e]xhaustion of administrative remedies is generally required before filing suit in federal court." *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258 (D.C. Cir. 2003). Here, however, plaintiff filed the declaration of its chief executive officer, Linda Reinstein, stating that at "the time our Complaint was filed and subsequently, neither ADAO nor I personally received a substantive responses [sic] to our FOIA requests from any of these defendants." Pl.'s Opp'n at 22 (quoting Decl. of Linda Reinstein ("Reinstein Decl.") [Dkt. #7-2] ¶ 13). Reinstein further states that she "ha[s] no recollection of receiving these letters and, following an exhaustive search, ha[s] been unable to find any evidence that I received them by mail or email." Reinstein Decl. ¶ 17.

Courts have denied summary judgment on administrative exhaustion when the plaintiff submitted a declaration stating that they did not receive the agencies' communications. *See, e.g., Pinson v. U.S. Dep't of Just.*, 69 F. Supp. 3d 125, 132 (D.D.C. 2014) (denying summary judgment when the plaintiff "state[d] in his declaration that he only received the DOJ's acknowledgment letter and never received the final response

14

letter"); *Jones v. U.S. Dep't of Just.*, 576 F. Supp. 2d 64, 67 (D.D.C. 2008) (similar); *Bloomgarden v. U.S. Dep't of Just.*, 10 F. Supp. 3d 146, 152 (D.D.C. 2014) (similar).

"[B]ecause at summary judgment the Court must view facts in the light most favorable to the non-movant, and cannot make credibility determinations, the Court must accept as true" plaintiff's statements that they never received EPA's letters. *Pinson*, 69 F. Supp. 3d at 132 (internal citations omitted). EPA argues that the cited cases all "involved incarcerated FOIA requesters who were using postal mail to receive information related to their FOIA requests." Defs.' Reply [Dkt. #23] at 15. EPA argues that because plaintiff is represented by experienced counsel, I should not accept plaintiff's assertions at face value. *Id.*

The problem for defendants is that I simply cannot make credibility determinations at the summary judgment stage. *See Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007). Accordingly, I must deny summary judgment to EPA because genuine disputes of material fact remain as to administrative exhaustion.

## CONCLUSION

For the foregoing reasons, I **GRANT** plaintiff's Motion for Partial Summary Judgment [Dkt. #7], **GRANT** in part defendants' Partial Motion to Dismiss [Dkt. #12] as to defendant Executive Office of the President and **DENY** in part as to defendant Environmental Protection Agency, and **DENY** plaintiff's Supplemental Motion for Partial

15

Summary Judgment [Dkt. #19] as to defendant Executive Office of the President. An

accompanying order will issue contemporaneously with this opinion.


_____

RICHARD J. LEON
United States District Judge